# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DENNIS FUNEZ-GRIJALVA,

    Petitioner,

v.                                     No. 26-cv-00444 WJ-LF

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

    Respondents,[1]

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner Dennis Funez-Grijalva's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition).   Petitioner seeks a release from custody under *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001) and because the immigration judge allegedly erred with respect to the removal order.   Having reviewed the matter *sua sponte* under Habeas Rules 1 and 4, the claims fail as a matter of law.   The Court will dismiss the Petition but grant leave to amend.

## BACKGROUND

Petitioner is a citizen of Honduras.   *See* Doc. 1 at 7.   He was detained by immigration

---

[1] While the form *pro se* Petition names the warden, the Court will add the above-mentioned parties as Respondents in this case.  *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

authorities on February 7, 2025 and is currently at the Otero County Processing Center (OCPC) in Chaparral, New Mexico. *Id.* at 6. The Immigration Court denied Petitioner's asylum petition and entered an order of removal on September 19. 2025. *Id.* at 1-2. Petitioner filed an appeal with the Board of Immigration Appeals (BIA), and that matter is pending. *Id.* at 2.

Construed liberally, the instant Petition seeks a release from custody based on two theories. The Petition raises a claim under *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001), arguing the six-month period for presumptively reasonable detention under 8 U.S.C. § 1231 has expired. *See* Doc. 1 at 6. The Petition also appears to challenge the removal order. Petitioner argues the immigration judge denied relief, notwithstanding evidence of his injuries and the fact that he had a work permit and paid taxes prior to his detention. *Id.*

Petitioner filed a Motion to Proceed *In Forma Pauperis* (Doc. 2) (Motion), which reflects he cannot pay the habeas filing fee. The Court will therefore grant the Motion and review the Petition under Habeas Corpus Rules 1 and 4.

## DISCUSSION

Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis,* 533 U.S. 678, 687 (2001). Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief. *See* Habeas Corpus Rules 1, 4. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the Judge must order … an answer." *Id.*

As to Petitioner's first claim under *Zadvydas* and 8 U.S.C. § 1231, no relief is available. Section 1231 governs the detention of noncitizens "during" and "beyond" the "removal period." 8 U.S.C. § 1231(a)(2)-(6). In general, when a noncitizen is ordered removed, the Attorney General shall remove them within 90 days, which is known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The "removal period" begins once a noncitizen's removal order "becomes administratively final," 8 U.S.C. § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *See Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted). "During the 90-day removal period, … [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting a noncitizen's "indefinite detention" would violate due process, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. The Supreme Court determined that a six-month detention period is presumptively reasonable. *Id.* at 701. "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id. at* 701.

The Petition here reflects the removal order is still pending before the BIA. The removal order is therefore not final, and the six-month period under *Zadvydas* has not started to run. *See*

*Ngefack v. Castro*, 2026 WL 473161, at \*1 (D.N.M. Feb. 19, 2026) ("Petitioner does not appear to raise a colorable claim challenging his detention under 8 U.S.C. § 1231 or *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001), because his removal order is not yet final"); *Valera-Marin v. Lyons,* 2025 WL 3687978, at \*3 (D.N.M. Dec. 19, 2025) (rejecting argument regarding the six-month detention period where petitioner's "removal order is not final"); *Themeus v. U.S. Dep't of Just.*, 643 Fed. App'x 830, 833 (11th Cir. 2016) (noting § 1231's "removal period generally begins to run once the order of removal becomes final"). Petitioner is not entitled to release under *Zadvydas* or 8 U.S.C. § 1231.

Petitioner's remaining arguments appear to challenge the removal order. As noted above, Petitioner argues the immigration judge denied asylum and other relief notwithstanding evidence of injuries and the fact that he had a work permit and paid taxes prior to his detention. Congress enacted 8 U.S.C. § 1252, known as the "zipper clause," to limit District Courts' jurisdiction over claims challenging removal orders. *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018). Under the zipper clause, District Courts lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar. *Id.* at 317. "This statutory scheme was designed to limit all aliens to one bite of the apple with regard to challenging an order of removal." *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012).

Consistent with this authority, this Court cannot consider whether the immigration judge failed to properly weigh evidence or equitable considerations in connection with the removal order. *See Nunes v. Joyce*, 2025 WL 2772578, at \*5 (D. Me. Sept. 29, 2025) (noting petitioner's arguments that she is not a danger to the community and that "the Immigration Judge erred in

4

relying on an allegedly unreliable [evidence] .. are precisely the type of claims § 1226(a) strips from this Court's jurisdiction").   The removal order is properly before the BIA, and Petitioner's challenges to custody fail as a matter of law.

The Court will dismiss the Petition without prejudice.  For the foregoing reasons, it is unclear if Petitioner can raise a colorable claim for habeas relief. However, under Tenth Circuit precedent, pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.   *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990).   Considering Petitioner's *pro se* status, the Court will therefore grant leave to file an amended Petition within twenty-one (21) days of entry of this Order. If Petitioner declines to timely amend, or files an amended petition that again fails to state a claim for relief, the Court will dismiss this case without prejudice to refiling at a later time. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

**IT IS ORDERED** that Petitioner Dennis Funez-Grijalva's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED without prejudice**; and he may file an amended petition within twenty-one (21) days of entry of this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **UPDATE** the case caption to match the party Respondents added/substituted via this Order.

/s/_____
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

5