**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DENNIS FUNEZ-GRIJALVA,

     Petitioner,

v.                                          No. 26-cv-00444 WJ-LF

WARDEN, Otero County Processing Center, *et al*,

     Respondents,

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Petitioner's failure to amend his *pro se* 28 U.S.C. § 2241 Petition as directed.  Petitioner was detained by immigration authorities on February 7, 2025 and is currently at the Otero County Processing Center (OCPC) in Chaparral, New Mexico.  *See* Doc. 1 at 6.  The original Petition (Doc. 1) seeks a release from custody under *Zadvydas v. Davis,* 533 U.S. 678 (2001) and because the immigration judge allegedly erred with respect to the removal order.  The immigration judge denied Petitioner's asylum petition and entered an order of removal on September 19. 2025.  *Id.* at 1-2.  The Petition reflects that Petitioner filed an appeal with the Board of Immigration Appeals (BIA), and that matter is pending.  *Id.* at 2.

By a ruling entered February 27, 2026, the Court screened the original Petition pursuant to Habeas Rules 1 and 4 and determined it is subject to summary dismissal.  *See* Doc. 4 (Screening Ruling).  The Screening Ruling explains that no relief is available under *Zadvydas* or 8 U.S.C. § 1231. *Zadvydas* holds continued detention is generally only proper for a period of six months after the entry of a final removal order, unless removal is reasonably foreseeable.  *See Zadvydas,* 533 U.S. at 687.  Because Petitioner's removal order is not final, the six-month period under *Zadvydas*

has not started to run. *See Ngefack v. Castro*, 2026 WL 473161, at *1 (D.N.M. Feb. 19, 2026) ("Petitioner does not appear to raise a colorable claim challenging his detention under 8 U.S.C. § 1231 or *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001), because his removal order is not yet final"); *Valera-Marin v. Lyons,* 2025 WL 3687978, at *3 (D.N.M. Dec. 19, 2025) (rejecting argument regarding the six-month detention period where petitioner's "removal order is not final"); *Themeus v. U.S. Dep't of Just.*, 643 Fed. App'x 830, 833 (11th Cir. 2016) (noting § 1231's "removal period generally begins to run once the order of removal becomes final").

The Screening Ruling also rejects Petitioner's challenge to his removal order. The original Petition argues the immigration judge denied asylum and other relief notwithstanding evidence of injuries and the fact that Petitioner had a work permit and paid taxes prior to his detention. The Screening Ruling explains that pursuant to 8 U.S.C. § 1252, known as the "zipper clause," District Courts lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar. *Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018). Accordingly, this Court cannot consider whether the immigration judge failed to properly weigh evidence or equitable considerations in connection with the removal order. *See Nunes v. Joyce*, 2025 WL 2772578, at *5 (D. Me. Sept. 29, 2025) (noting petitioner's arguments that she is not a danger to the community and that "the Immigration Judge erred in relying on an allegedly unreliable [evidence] ... are precisely the type of claims § 1226(a) strips from this Court's jurisdiction"). The removal order is pending before the BIA.

Consistent with this authority, and because the facts fail to demonstrate that relief is available under 28 U.S.C. § 2241, the Court dismissed the original Petition without prejudice. The

2

Court granted leave to amend the § 2241 claims to ensure that Petitioner had an opportunity to raise any additional challenges to his custody.  The Screening Ruling warns that the failure to timely amend may result in dismissal without further notice.  The deadline to amend expired on March 20, 2026.  Petitioner did not comply, show cause for such failure, or otherwise respond to the Screening Ruling.  The Court will therefore summarily dismiss this case without prejudice pursuant to Habeas Rules 1 and 4.

**IT IS ORDERED** that this case, including each claim in Petitioner's *pro se* 28 U.S.C. § 2241 Petition (**Doc. 1**) is **DISMISSED without prejudice** to refiling; and the Court will enter a separate judgment closing the civil habeas case.

/s/_____
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

3